IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TED WILEY**                                                                           **PLAINTIFF**

v.                           **CASE NO. 4:12-cv-00226-KGB**

**ROCKTENN CP, LLC**                                                      **DEFENDANT**

**ORDER**

    The Court conducted a Rule 16 conference by telephone on November 9, 2012. During that conference, counsel for plaintiff Ted Wiley suggested dates modifying the proposed claim construction deadlines set forth in the Initial Scheduling Order circulated by the Court. During that conference, counsel for defendant RockTenn CP, LLC ("RockTenn"), moved the Court to impose on Mr. Wiley Local Patent Rules 3-1 and 3-2 from the Eastern District of Texas to address issues raised by RockTenn. The Court requested that the parties outline for the Court in written submissions their requests, the reasons for their requests, and their responses to the opposing party's requests. The parties have done so.

    The Court denies RockTenn's request that this Court impose on Mr. Wiley Local Patent Rules 3-1 and 3-2 from the Eastern District of Texas. The rules RockTenn proposes imposing here are part of a larger case management plan adopted and imposed by the Eastern District of Texas for patent cases. This Court has not adopted such a plan for patent cases generally and declines to impose such rules in this particular case.

    The Court notes that RockTenn's submission takes issue with Mr. Wiley's operative complaint, citing a prior motion to dismiss RockTenn filed in response to Mr. Wiley's original complaint (Dkt. No. 13). The Court denied that motion to dismiss as moot when Mr. Wiley filed

an amended complaint (Dkt. No. 21), and RockTenn has not renewed its arguments or raised additional arguments in a proper motion to dismiss. No motion to dismiss is pending.

The Court also notes that RockTenn's submission takes issue with Mr. Wiley's responses to discovery served by RockTenn. Any alleged deficiencies in Mr. Wiley's responses to discovery should be raised with the Court in a motion to compel that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court. No motion to compel is pending.

Despite RockTenn's contention that the claim construction deadlines proposed by Mr. Wiley "do not leave sufficient time for RockTenn to mount a complete defense or for the Court to fully consider dispositive motions prior to trial," the Court notes that the claim construction deadlines proposed by RockTenn differ only slightly from those proposed by Mr. Wiley. In fact, Mr. Wiley has no objection to the Court adopting RockTenn's proposed dates, with the exception of those proposed dates tied to Local Patent Rules 3-1 and 3-2.

The Court will issue by separate order a Final Scheduling Order in this matter that sets forth the trial date and all pretrial dates. That Final Scheduling Order will incorporate the following claim construction deadlines, as proposed by RockTenn and as agreed to by Mr. Wiley:

| Date | Deadline |
|---|---|
| January 7, 2013: | Parties serve a list of any claim terms it contends the Court should construe and that party's proposed construction to each term |
| January 28, 2013: | Parties file joint claim chart identifying each disputed claim term and each party's proposed construction of each term. No more than 10 terms may be presented for construction. If the parties are unable to agree upon 10 terms, then five shall be allocated to plaintiff and five to defendant |
| February 28, 2013: | Parties file and serve opening claim construction briefs |
| March 11, 2013: | Parties file and serve responsive claim construction briefs |
| March 25, 2013: | Parties serve exhibit and witness lists for claim construction |

                    hearing on opposing counsel, with copies to the Courtroom Deputy. The parties should also inform the Court of the expected duration of the claim construction hearing

April 8, 2013:        Claim construction hearing

SO ORDERED this the 30th day of November, 2012.

_____
Kristine G. Baker
United States District Judge